610 N.W.2d 551 (2000)
Laura Lee SMREKAR, Plaintiff-Appellee.
v.
JEEP CORPORATION, American Motors Corporation and Chrysler Corporation, Defendants-Appellants.
Docket No. 115832, COA No. 201521.
Supreme Court of Michigan.
May 17, 2000.
On order of the Court, the application for leave to appeal from the August 10, 1999 decision of the Court of Appeals is considered, and, while retaining jurisdiction, we REMAND the case to the Court of Appeals for further consideration and the issuance of a supplemental opinion. On remand, the Court of Appeals must address specifically two of the defendant's arguments that the plaintiff failed to present a sufficient prima facie case. See Owens v. Allis-Chalmers Corp., 414 Mich. 413, 326 N.W.2d 372 (1982).
First, Owens states that a plaintiff who produces no evidence of how likely it is that a particular type of accident will occur must bear a particularly "heavy burden" in proving that the defendant's chosen design was unreasonably dangerous. 414 Mich. at 430, 326 N.W.2d 372. On remand, the Court of Appeals must consider whether the plaintiff's evidence was sufficient to carry that increased burden.
Second, Owens requires proof that the proposed alternative design would actually have been used by the plaintiff. 414 Mich. at 430-431, 326 N.W.2d 372. The defendant's design choice was not proven to be a proximate cause of the plaintiff's injuries unless plaintiff presented sufficient proof that she actually would have utilized the alternative design proposed by her expert witness. On remand, the Court of Appeals must address defendant's argument that the plaintiff failed to present evidence that was sufficient to prove that element of her claim.
The supplemental opinion shall be filed with the Clerk of this Court.
The defendant's application remains under consideration.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would deny leave to appeal.